IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL E. PODHORN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0387-MJR |
| ) | |
| A. COURTNEY COX, United States ) | |
| Attorney, Southern District of Illinois, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**REAGAN, District Judge:**

Paul Podhorn filed a "Petition for Writ of Mandamus" in this Court on May 20, 2010 (Doc. 1). Initially perplexed by Podhorn's filing, the Court invited the United States to file a response. Upon consideration of the petition and the response and upon further review, the Court concludes that the petition actually alleges a civil action in the nature of mandamus against Defendant A. Courtney Cox, the United States Attorney for this district. The Court will interpret the petition as a civil complaint and direct Podhorn to pay the filing fee for a civil action or move to proceed *in forma pauperis* before any further proceedings.

Podhorn seeks a writ of mandamus from the Court, which has been abolished. *See* Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished."). In place of the writ of mandamus is the "action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (2006); *accord* R. 81(b). This is exactly what Podhorn is seeking. He wants the Court to compel Defendant Cox, an officer of the United States, to answer six legal questions because, supposedly, Defendant Cox owes him a duty to render legal advice. The merits of these arguments has yet to be determined due to the procedural posture of the case (namely, that no filing fee has been paid and no motion to proceed *in*

*forma pauperis* has been made), but the relief sought and the basis for the relief imply the conclusion that the case is an action in the nature of mandamus.

The Court has subject-matter jurisdiction over actions in the nature of mandamus. 28 U.S.C. § 1361. To initiate an action in the nature of mandamus, a litigant must file a civil complaint. *See* R. 81(b) ("Relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules."); R. 3 ("A civil action is commenced by filing a complaint with the court."). Podhorn designated his filing as a "petition," not a complaint, but because the Court interprets pro se pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court interprets the petition to be a complaint. However, before the Court can move on a litigant's complaint, the litigant must either pay to the Clerk of Court the civil filing fee of $350 or, if the litigant is unable to pay the fee, move for leave to proceed *in forma pauperis* and file with that motion a statement, made under oath, detailing the litigant's assets, liabilities and monthly income and expenditure.

Accordingly, the Court **DIRECTS** the Clerk of Court to re-designate this case as a civil action in the nature of mandamus. The Court further **DIRECTS** Plaintiff Podhorn to pay to the Clerk of Court the filing fee of $350 or to file a properly supported motion to proceed *in forma pauperis* by **September 13, 2010**. If Podhorn fails to do so, his case will be **dismissed without prejudice**. No summons will issue until the filing fee is paid or until the Court gives leave to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

DATED August 30, 2010.

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

2